UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| TRANISE D. ROSE, ) | No. 12 B 27635 |
| ) | |
| Debtor. ) | Judge Janet S. Baer |

MEMORANDUM OPINION

This matter came before the Court on the amended motion for sanctions filed by Tranise D. Rose ("Debtor") against Arthur B. Adler & Associates, Ltd. ("Adler") alleging a violation of section 362 of the Bankruptcy Code.[1] The Court held an evidentiary hearing on the motion on September 5, 2012. Based on the pleadings in this matter, the arguments of counsel, and the evidence submitted with the pleadings and presented on September 5, 2012, and for the reasons outlined in Court, which have now been memorialized in writing below, the Court grants Debtor's motion and awards $742.50 in attorneys' fees to Debtor's attorneys.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

**Background**

On July 11, 2012, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. At the time of the filing, the Debtor had $767 on deposit in bank accounts at JPMorgan Chase Bank, N.A. ("Chase Bank"). Prior to the petition date, the Debtor incurred a debt to Unifund CCR Partners ("Unifund"). Adler, a collections law firm, commenced a case

---

[1] Unless otherwise noted, all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532.

1

against Debtor on behalf of Unifund in the Circuit Court of Cook County. Adler obtained an exparte judgment against the Debtor for $822.34. On June 27, 2012, Adler caused a Citation to Discover Assets to Third Party (the "Citation") to be served on Chase Bank. Chase Bank placed an administrative hold on Debtor's bank accounts pursuant to the Citation.

On July 12, 2012, Mark Schlageter ("Schlageter"), a paralegal at Debtor's counsel's office, called Adler to inform it of the bankruptcy case and request that it take steps to release the hold on Debtor's bank accounts. During the phone call, Schlageter spoke with two collections representatives who stated that they required an order from the bankruptcy court to release the hold. The call was then transferred to non-attorney supervisor Kevin Naughton ("Naughton").[2] Schlageter apprised Naughton of the situation and again requested that the firm take steps to release the hold. Naughton would not acquiesce to the request, again stating that Adler required a bankruptcy court order to release the hold. At that point, Debtor's attorney Christian Elenbaas ("Elenbaas") joined the call. Elenbaas repeated that the stay under § 362 of the Bankruptcy Code was in effect and that Adler needed to take steps to release the hold on the Debtor's accounts. Naughton said that he would not take steps to release the hold without a court order, that he wanted to see case law in support of Debtor's position, and that the automatic stay prevented him from taking any action whatsoever in the underlying state court case. Elenbaas cited to § 362 of the Bankruptcy Code and indicated that he would immediately seek sanctions if Adler failed to release the accounts. The call ended.

After the phone call with Debtor's representatives on July 12, 2012, Naughton testified that he spoke with an attorney at Adler who decided to take steps to release the hold on Debtor's accounts. However, no one at Adler communicated this decision to counsel for the Debtor on that day, or the next. In fact, the evidence showed that no one from Adler attempted to

---

[2] The pleadings and hearing testimony interchangeably refer to Kevin Naughton by his alias, "Kevin Collins."

communicate this decision to Debtor's counsel until Monday, July 16, 2012 when a voice mail message was allegedly left for Debtor's counsel. Elenbaas indicated that no such voice mail message was received. Meanwhile, on Friday, July 13, 2012, Elenbaas filed the motion for sanctions. On the same day, William Weissbeck, an attorney at Adler, appeared in the Circuit Court of Cook County and obtained an order dismissing the Citation. Thereafter, Adler faxed the order to Chase Bank and called Chase Bank to confirm receipt. Chase Bank released the hold on Debtor's accounts on Monday, July 16, 2012.

The original motion for sanctions was scheduled to be heard before this Court on July 18, 2012. Elenbaas appeared on behalf of Debtor. No one appeared for Adler. The Court granted Debtor leave to file an amended motion for sanctions, and entered a pretrial order setting both the hearing date and deadlines for amending the motion and filing a response and reply. Debtor filed this amended motion, seeking $1,485 in attorneys' fees. The parties timely filed their respective briefs. The Court held the hearing on September 5, 2012.

## Discussion

The filing of a bankruptcy petition creates an automatic stay against "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case . . ., or to recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(1). The stay is effective immediately upon the filing of the petition. Failure to cease collection proceedings or return property of the estate with knowledge of the bankruptcy violates both the automatic stay and the turnover requirements of the Bankruptcy Code. *See* 11 U.S.C. §§ 362, 542.

Section 362(k) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). A debtor seeking to recover damages under § 362(k) must prove, by a preponderance of the evidence, that:

(a) A bankruptcy petition was filed;

(b) The aggrieved debtor is an "individual";

(c) The creditor had notice of the petition;

(d) The creditor's actions were willful and violated the stay; and

(e) The debtor is entitled to a form of relief provided by Section 362(k).

*Kondritz v. Univ. of Phoenix (In re Kondritz)*, Ch. 7 Case No. 10-12630-FJO-7, Adv. No. 10-50623, 2011 WL 2292292, at *4 (Bankr. S.D. Ind. June 8, 2011). A "willful" violation does not require a finding of specific intent of the creditor to violate the automatic stay, but the Court must find that the creditor acted intentionally. *Price v. United States (In re Price)*, 42 F.3d 1068, 1071 (7th Cir. 1994); *In re Betts*, 165 B.R. 233, 242 (Bankr. N.D. Ill. 1994).

The citation proceeding commenced by Adler against Debtor in state court constituted a judicial proceeding against Debtor, or a proceeding to recover a claim against the Debtor. *In re Hall-Walker*, 445 B.R. 873, 876 (Bankr. N.D. Ill. 2011) ("section 362(a) is clear: the provision operates to stay the continuation of all judicial proceedings which includes the maintenance of collection actions filed in state court") (internal quotation marks omitted); *see also In re St. Vincent*, Ch. 13 Case No. 10-B-76118, 2011 WL 1258479, at *2 (Bankr. N.D. Ill. Apr. 1, 2011) (noting that state court citation proceeding against the debtors certainly constituted a judicial proceeding against the debtors or to recover a claim against the debtors and that the continuation of the proceeding would have violated § 362(a)(1)). Adler continued its collection proceeding

when it refused to take steps to release the hold upon learning of the bankruptcy petition. At that point, it was Adler's duty to take steps to dismiss the Citation. Instead, Adler refused and demanded that Debtor obtain a court order. This refusal was a continuation of the citation proceeding which violated § 362(a)(1).

The parties focus their arguments on the application of § 362(a)(3), which stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Adler relies on the United States Supreme Court's decision in *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16 (1995), which held that a bank's temporary placement of an administrative hold on funds in a debtor's account pending disposition of the bank's right to setoff did not violate the automatic stay. Debtor distinguishes *Strumpf* on the facts, arguing that the holding applies only to banks attempting to protect setoff rights. The parties also disagree on whether Adler "exercised control" over the funds so as to trigger § 362(a)(3). Because the Court concludes that a violation of the automatic stay occurred under § 362(a)(1), it does not reach the parties' arguments regarding whether a violation also occurred under § 362(a)(3). The citation proceeding against Debtor commenced by Adler constituted a judicial proceeding against Debtor or to recover a claim against Debtor, and Adler's refusal to discontinue the proceeding and have the funds released was a violation of § 362(a)(1). *See St. Vincent*, 2011 WL 1258479, at *2.

The next question is whether Adler's actions in contravention of § 362(a)(1) were only a "technical" violation of the automatic stay or whether they constituted a more serious willful violation for which sanctions should be awarded. Adler is an experienced collections law firm that knew of both the bankruptcy petition and the automatic stay but initially refused to take steps to terminate the citation proceeding and release the hold on Debtor's bank accounts. It is of

5

no consequence that Adler apparently operated under the mistaken belief that it needed a court order to release the funds.³ *Betts*, 165 B.R. at 242 ("A violation of the automatic stay is willful even if the respondents believed themselves justified in taking the actions found to be violative of the stay.").

The events in this case occurred in the compressed time frame of a few days. Adler acted fairly quickly to release the hold on Debtor's accounts. Its communication, however, was not so swift and created unnecessary stress and expense. Adler was informed by Elenbaas on Thursday, July 12, 2012 of his intent to seek sanctions if steps were not immediately taken to release the hold on Debtor's funds. Adler informed Elenbaas that it would not take those steps without a court order or some other authority. Adler, later that day, apparently reversed its position and thereafter proceeded to get the funds released. However, Adler failed to inform Elenbaas that day or the next, or over the weekend, that it had changed its position and was taking steps that would render unnecessary further actions on Elenbaas' part. Adler then exacerbated the situation when it failed to appear at the initial hearing before this Court a few days later. A simple and prompt phone call once Adler changed its position could have avoided this entire situation. Or, at least diligence and communication by Adler thereafter could have reduced the time, costs, and fees incurred by all parties.

---

³ Adler has not specified the origin of this belief, and the only case it cites as apparent authority is *Strumpf, supra*, which is distinguishable. It would be understandable if Chase Bank, as the *respondent* in the citation proceeding, might have felt uncomfortable releasing the hold in the face of a state court order prohibiting such release. *See St. Vincent*, 2011 WL 1258479, at *4 (citing *Bank of Aspen v. Fox Cartage, Inc.*, 126 Ill.2d 307, 320, 533 N.E.2d 1080, 1086 (Ill. 1989); 735 Ill. Comp. Stat. 5/2–1402(f)(1)) ("Under Illinois law, a person who transfers property in contravention of a citation order may be 'punished either by having a judgment entered against him for the amount of the judgment creditor's claim or the value of the property, whichever is less, or may be punished as and for contempt.'"); *see also Shales v. Lanas Constr., Inc.*, No. 07 C 2970, 2010 WL 3842362, at *5 (N.D. Ill. Sept. 24, 2010) (automatic stay did not relieve citation respondent of its responsibility to adhere to the citation during the pendency of the bankruptcy proceedings absent an order from the bankruptcy court excusing compliance). In this case, however, Adler, on behalf of the *judgment creditor*, had a duty to seek dismissal of the citation proceeding upon learning of the bankruptcy petition.

Based upon the foregoing, the Court finds that Adler's violation of the stay was willful and that its conduct was sufficiently egregious to justify the award of some sanctions.

Pursuant to § 362(k), Debtor is entitled to relief, including attorneys' fees. Debtor's attorney filed affidavits detailing the time spent on this matter, including the sanctions motion. According to the affidavits, two attorneys spent at least 2.7 hours each on the motion and related proceedings, at a rate of $275 per hour, for a total of $1,485. The Court finds reasonable only one attorney's time for work done on this matter and will award fees accordingly.

## Conclusion

Based upon the foregoing, the Court finds that Adler's violation of the stay was sufficiently egregious to justify the award of attorneys' fees as a sanction against Adler and in favor of Debtor's counsel in the amount of $742.50. A separate order will be entered consistent with this opinion.

Dated: October 2, 2012

_____
Janet S. Baer
United States Bankruptcy Judge